The Honorable M. Olin Cook State Representative 266 South Enid Avenue Russellville, AR 72801-4534
Dear Representative Cook:
This is in response to your request for an opinion on two questions involving Arkansas law enforcement personnel and the Arkansas Freedom of Information Act (FOIA).
You note under your first question that the FOIA exemption for "employee evaluation [and] job performance records" (A.C.A. § 25-19-105 (c)) is often used by Arkansas Law Enforcement to avoid public disclosure of internal investigations that have not resulted in discipline. You express your belief that this protects an employee who may be the subject of a false accusation. If the accused employee has not been disciplined as a result of the investigation, it is your belief that the unsubstantiated accusation should not be made available to a public request. You have asked in this regard:
Is the belief/practice stated above founded in law?
Your second question relates to personnel records. You have asked the following regarding psychological and physical examinations of law enforcement officers:
 Is it permissible to have the psychological and medical records stored in a "central repository' at our City Hall under control of our Personnel Officer?
RESPONSE
Records created as part of an inquiry into or investigation of alleged employee misconduct will generally constitute "employee evaluation or job performance records" under the FOIA. Records of "accusations" involving employees may be subject to disclosure if they were not created for evaluation or investigation purposes. In response to your second question, the FOIA is an access statute, not a records management statute. Op. Att'y Gen. 97-030. The FOIA does not address the actual management of public records. This is generally a matter to be determined by the individual agency. Id.
Question 1 — Is the belief/practice stated above [regarding internalinvestigations that have not resulted in discipline] founded in law?
The "employee evaluation or job performance records" exemption under the FOIA will generally apply, in my opinion, to records of internal investigations, assuming that such records involve specific incidents pertaining to specific employees and that they detail actions of such employees within the scope of their employment. See, e.g., Op. Att'y Gen. Nos. 99-399 and 99-283, and opinions cited therein. In accordance with A.C.A. § 25-19-105 (c)(1) (Supp. 1999), employee evaluation and job performance records are closed and confidential unless the employee has been suspended or terminated, all administrative appeals from the suspension or termination are final, and there is a compelling public interest in the disclosure of the records. In response to your specific question, therefore, your belief/practice regarding internal investigation records is founded in law if as a factual matter the employee evaluation or job performance exemption applies. Such records are not open for public inspection absent the employee's suspension or termination.
With regard, specifically, to "accusations" of employee misconduct, the particular facts surrounding the creation of any such records will, in my opinion, determine whether they are properly classified as "employee evaluation or job performance records." I have previously opined, for instance, with regard to complaint documents, that the exemption under §25-19-105 (c)(1) will not apply if the complaint was not created in the evaluation or investigation process. As stated in Attorney General Opinion 99-283:
 [The exemption under A.C.A. § 25-19-105 (c)(1)] is limited to records created by or at the behest of the public employer. . . . See, e.g., Op. Att'y Gen. 98-001 (documents received from third parties and not created by the employer as a part of an investigation are not "employee evaluation or job performance records, but might be classified as "personnel records"); Op. Att'y Gen. 96-342 (records not made or given as part of the employing agency's inquiry or investigation are not "job performance records" and are generally subject to disclosure absent the presence of "intimate information" that might give rise to a privacy interest); and Op. Att'y Gen. 96-257 (same). See also Op. Att'y Gen. 99-026 (agreeing with my predecessor's conclusion that documents may be classified as "employee evaluation or job performance records if they were created in the evaluation of the employee's performance). Documents not created in the evaluation process do not come within the rationale behind the § 25-19-105(c)(1) exemption. That exemption promotes candor in a supervisor's evaluation of an employee's performance with a view toward correcting any deficiencies. See WATKINS, The Arkansas Freedom of Information Act (mm Press, 3d ed. 1994) at 141-142.
The distinction is pertinent because accusations that were made by third parties and that were not generated or created as part of an internal investigation will in all likelihood not be properly classified as "employee evaluation or job performance records." In that instance, records documenting such accusations will generally be subject to disclosure, notwithstanding the fact that the accusation did not result in any disciplining of the employee. The record documenting the accusation, although not within the evaluation or job performance exemption, may well be properly classified as a "personnel record" under the FOIA, thus requiring the removal of information the disclosure of which would constitute a "clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105 (b)(10). See, e.g., Op. Att'y Gen. 2000-058
(complaint in officer's personnel file alleging sexual harassment and relating specifically to the officer's conduct falls within "personnel records" provision of the FOIA.).[1] But the fact that the employee was not disciplined as a result of the investigation will not be a factor in determining the record's disclosability, if the "employee evaluation or job performance" exemption is inapplicable.
If in fact the record documenting the accusation does not constitute an evaluation or job performance record (and thus it must generally be made available upon request despite the absence of any disciplinary action), consideration must nevertheless also be given to the possibility of a constitutionally protected privacy interest. That is, some information may be withheld from disclosure even if the record in question is not subject to a specific exemption under the FOIA — if it rises to a level worthy of constitutional protection. The Arkansas Supreme Court has recognized that the constitutional right of privacy can supersede the specific disclosure requirements of the Freedom of Information Act, at least with regard to the release of documents containing constitutionally protectable information. See McCambridge v. City of Little Rock,298 Ark. 219, 766 S.W.2d 909 (1989). This right of privacy shields "personal matters" that the individual wants to and has kept private or confidential, that except for the government action can be kept private or confidential, that to a reasonable person would be "highly offensive" or harmful or embarrassing if disclosed, and where the privacy interest in the nondisclosure of the personal matter outweighs any governmental interest in disclosure. 298 Ark. at 230, 231. Any information that meets the criteria set forth in McCambridge should be excised, and the remaining information should be made available for inspection and copying.
Question 2 — Is it permissible to have the psychological and medicalrecords stored in a "central repository' at our City Hall under controlof our Personnel Officer?
This is a matter which is not specifically addressed in the FOIA. The manner or method by which an agency maintains its records is, I believe, generally a matter to be determined by the agency, subject to the FOIA's requirement that "[r]easonable access" be afforded. See A.C.A. §25-19-105(d).
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh
Enclosure
[1] The personnel records exemption is discussed in numerous opinions of this office. I have enclosed one for your convenience (Op. Att'y Gen.99-283).